MEMORANDUM*
Because plaintiffs’ claim arose before they filed their bankruptcy petition, it is *545 property of the bankruptcy estate, and plaintiffs lack standing to pursue this action. See 11 U.S.C. § 541; In re Eisen, 31 F.3d 1447, 1451 n. 2 (9th Cir.1994). Plaintiffs would, however, gain standing if the bankruptcy trustee were to abandon the claim. See Catalano v. C.I.R., 279 F.3d 682, 685 (9th Cir.2002); Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir. 2004). We therefore vacate the judgment below and remand with instructions that the district court refer this matter to the bankruptcy court. The bankruptcy court, in turn, shall determine whether the trustee of the Waltons’ estate wishes to abandon or assert the claim on behalf of the estate. If the trustee chooses to abandon the claim, the Waltons shall be entitled to maintain the lawsuit in their own name, subject to any further objections Allstate may raise before the district court.
REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided *545 by 9th Cir. R. 36-3.